UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRYAN JOSEPH GUILLOTTE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1400** |
| **LAFOURCHE PARISH, ET AL.** | **SECTION "I" (4)** |

### REPORT AND RECOMMENDATION

Before the Court are a Motion to Dismiss (ECF Nos. 35) filed by defendants Federal Emergency Management Agency ("FEMA") and the Centers for Disease Control and Prevention ("CDC"), and a Motion to Dismiss (ECF No. 41) filed by Lafourche Parish Government on behalf of named defendants Lafourche Parish and Lafourche Parish Medical Department. The motions and the underlying matter were referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.    Background**

    **A.    Complaint**

Plaintiff Brian Joseph Guillotte was a pretrial detainee housed in the Lafourche Parish Correctional Complex ("LPCC") in Thibodaux, Louisiana at the time of the filing of this *pro se* and *in forma pauperis* civil action under 42 U.S.C. § 1983. ECF No. 6, at ¶ III(A), at 3. He has since been released. ECF No. 40. Guillotte named as defendants Lafourche Parish, Lafourche Parish Medical Department, LPCC staff, Johnson & Johnson ("J&J"), the Federal Emergency

Management Agency ("FEMA"), and the Centers for Disease Control and Prevention ("CDC"). *Id*., ¶III(B)-(G), at 4.

Guillotte alleges that on July 10, 2021, inmates in POD 3 became ill with symptoms similar to the side-effects from the J&J Covid-19 vaccine announced on the news. *Id*., ¶IV, at 4. He claims that the medical staff did not watch the inmates long enough after they were given the vaccine. He further alleges that one inmate was sent back to the tier despite the medical department's knowledge that he had COVID-19. *Id*. at 5. Guillotte alleges that Lt. Stanley Jones told him on July 12, 2021, that he would be tested but he never was. *Id*. He also claims that on July 13, 2021, he went to medical when he thought he had fever and the medic told him he did not have fever. *Id*. A few days later, Nurse Barbara refused to give additional sick call forms to inmate Trey Nevkich. He also complains that his dormitory was receiving food on Styrofoam trays, which shows that the jail was quarantining inmates even though the officials said there was no COVID-19 in the jail and testing was not done. *Id*. Guillotte fears the possibility that he could get COVID-19 or die, and he has been reprimanded for causing trouble for the staff by speaking up on the dorm for inmate rights.

As relief, Guillotte requests that inmates be tested and treated for COVID-19. He also asks that LPCC be placed in quarantine. He also seeks financial compensation in the amount of $1 billion for pain and suffering and indifference to his life and medical needs, negligence, gross negligence, and violation of his 1st Amendment right to freedom of speech.

  **B.**  **Defendants' Motions to Dismiss**

    **a.**  **Motion filed by FEMA and CDC (ECF No. 35)**

FEMA and the CDC move to dismiss Guillotte's complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because Guillotte's claims are frivolous and meritless. ECF

No. 35-1, at 3-4. The defendants further assert that the United States has not waived sovereign immunity and that § 1983 also contains no waiver of sovereign immunity. *Id*. at 4-5. Further, the defendants argue that this court lacks jurisdiction under the Federal Torts Claims Act or the Mandamus Act. *Id*. at 5-7. The defendants further argue that Guillotte's complaint can be dismissed under Fed. R. Civ. P. 12(b)(6) because he has failed to state a claim for relief under the Mandamus Act, habeas corpus law, and § 1983, which provides no remedy against a federal actor. *Id*. at 7-10.

### b. Motion filed by Lafourche Parish Government

Lafourche Parish Government also alleges that Guillotte's complaint should be dismissed for lack of subject matter jurisdiction over Guillotte's frivolous and insubstantial claims. ECF No. 41, at 1. The movant argues that Guillotte failed to exhaust administrative remedies before filing this suit, which is grounds for dismissal. ECF No. 41-2, at 3-4. Furthermore, the movant asserts that Guillotte failed to allege that a parish policy or custom caused him injury or a basis to invoke vicarious liability, and thereby has failed to state a claim for which relief can be granted against it. *Id*. at 5-6.

## II.   Standards of Review

### A.   Standards for Frivolousness Review

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte*

dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). Thus, the Court must determine whether plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### B.     Motions to Dismiss Under Fed. R. Civ. P. 12(b)

Under Fed. R. Civ. P. 12(b)(1) and (6), the Court may dismiss a complaint if it fails to state a basis for jurisdiction or a claim upon which relief may be granted. To survive a motion to dismiss, the plaintiff must plead in the complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept all well-pleaded facts as true, viewing the complaint in the light most favorable to the plaintiff. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

The Supreme Court, however, has declared that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "'factual allegations must be enough to raise a right to relief above the speculative level,'" and "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Guidry*, 512 F.3d 177, 180 (5th Cir. 2007) (quoting *Bell Atl. Corp.* 550 U.S. at 570). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops shorts of the line between possibility and plausibility of "entitlement to relief."

*Iqbal*, 556 U.S. at 678 (citing and quoting *Bell Atl. Corp.*, 550 U.S. at 556-57).

Thus, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 570). To determine whether a complaint states a claim that is plausible on its face, the Court "draws on its judicial experience and commons sense." *Id*. at 679. The complaint need not strike the reviewing court as probably meritorious, but it must raise "more than a sheer possibility" that the defendant has violated the law as alleged. *See Id*.

Furthermore, the Fifth Circuit has explained that before dismissing the complaint of a *pro se* prisoner, "an opportunity should be provided to the prisoner to develop his case at least to the point where any merit it contains is brought to light." *Taylor v. Gibson*, 529 F.2d 709, 713-14 (5th Cir. 1976). Because of this, before dismissing a prisoner complaint, a district court ordinarily should give the pro se litigant an opportunity to amend the complaint. *Bazrowx v. Scott*, 136 F.3d

1053, 1054 (5th Cir. 1998); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994); *accord Bruce v. Little*, 568 F. App'x 283, 285 (5th Cir. 2014).

## III. Discussion

As will be discussed below, Guillotte has named improper defendants J&J, FEMA, CDC, Lafourche Parish Medical Department, and LPCC staff, and otherwise failed to assert a non-frivolous claim against Lafourche Parish. Guillotte's complaint when assessed on its own merit, *vel non*, fairs no better than those prior cases and should be dismissed for the following reasons pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e as frivolous and for failure to state a claim for which relief can be granted.[1]

### A. J&J, FEMA, and CDC are not State Actors

Guillotte has named J&J, FEMA and the CDC as defendants in this case without any clear statement of a basis for their liability for any constitutional harm to him. Merely listing a defendant in a complaint without asserting any factual allegations necessary to connect that defendant to a

---

[1] The Court takes notice that various sections of this District Court have previously dismissed a number of similar, if not almost identical, § 1983 complaints filed by other LPCC inmates against these same defendants. While those dismissals are not grounds alone to dispose of Guillotte's case, the well-reasoned opinions provide a pathway of sound precedent to guide the court through this frivolousness review. *See, e.g., Smith v. Lafourche Parish*, No. 21-1714"I"(5), 2021 WL 4975698, at *1 (E.D. La. Sep. 30, 2021), *report and recommendation adopted by* 2021 WL 4972374, at *1 (E.D. La. Oct. 26. 2021) (claims regarding COVID-19 protocols and deliberate indifference to health and safety brought against Lafourche Parish, Lafourche Parish Medical Department, FEMA, and CDC dismissed as frivolous and for failing to state a claim upon which relief can be granted); *Galliano v. Lafourche Parish*, No. 21-1727"R"(5), 2021 WL 4501775, at *1 (E.D. La. Sep. 30, 2021), *report and recommendation adopted by* 2021 WL 4501776, at *1 (E.D. La. Oct. 1, 2021) (same); *Lerille v. Lafourche Parish*, No. 21-1729"I"(5), 2021 WL 4975754, at *1 (E.D. La. Sep. 30, 2021), *report and recommendation adopted by* 2021 WL 4972369, at *1 (E.D. La. Oct. 26, 2021) (same); *LeBlanc v. Lafourche Parish*, No. 21-1784"J"(5), 2021 WL 6107828, at *1 (E.D. La. Oct. 4, 2021), *report and recommendation adopted by* 2021 WL 5231873, at *2 (E.D. La. Nov. 10, 2021) (same); *Slade v. Lafourche Parish*, No. 21-1816 "L"(3), 2021 WL 5054630, at *1 (E.D. La. Sep. 7, 2021), *report and recommendation adopted by* 2021 WL 5051915, at *1 (E.D. La. Nov. 1, 2021) (same); *Payne v. Lafourche Parish*, No. 21-1826"A"(5), 2021 WL 6066461, at *1 (E.D. La. Nov. 18, 2021), *report and recommendation adopted by* 2021 WL 6063285, at *1 (E.D. La. Dec. 22, 2021) (same); *Dean v. Lafourche Parish*, No. 21-1849"S"(5), 2021 WL 5854462, at *1 (E.D. La. Nov. 18, 2021), *report and recommendation adopted by* 2021 WL 5834295, at *1 (E.D. La. Dec. 9, 2021) (same); *Benoit v. State of Louisiana*, No. 21-1887"I"(1), 2021 WL 5569667, at *1 (E.D. La. Nov. 8, 2021), *report and recommendation adopted by* 2021 WL 5565800, at *1 (E.D. La. Nov. 29, 2021) (same, with additional defendants, State of Louisiana and Governor John Bell Edwards).

specific claim does not suffice for pleading purposes under Fed. R. Civ. Proc. 8. *See Tuley v. Heyd*, 482 F.2d 590, 594 (5th Cir. 1973) (noting that the mere inclusion of names and notations of office in the caption does not suffice to state a claim); *Jones v. Ledet*, No. 19-10969, 2019 WL 6040091, at *3 (E.D. La. Oct. 22, 2019) ("Where . . . a plaintiff has merely listed individuals as defendants in the complaint but made no factual allegations against them, no cognizable individual-capacity claim has been stated against those defendants."), *report and recommendation adopted by* 2019 WL 6036706, at *1 (E.D. La. Nov. 14, 2019).

Furthermore, even broadly construing his complaint, Guillotte indicates a belief that LPCC inmates suffered side-effects from the J&J vaccine, and that neither FEMA nor CDC have answered his questions about the protocols and prevention of the spread COVID-19. To the extent he intends to state claims against these entities, any such claims would be frivolous and otherwise fail to state a claim for which relief can be granted under § 1983.

To assert a claim under § 1983, the plaintiff must identify both the constitutional violation and the responsible person who was acting under color of state law when plaintiff's rights were violated. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *accord Thibodeaux v. Bordelon*, 740 F. 2d 329, 333 (5th Cir. 1984). Thus, to be liable under § 1983, a defendant must be a person with authority to act "by virtue of state law," *i.e.* be a *state actor*. *West*, 487 U.S. at 49 (quoting *Classic*, 313 U.S. at 326).

        **a.**        **J&J Corporation**

        J&J is a private corporation, not a state official or state actor. *See Holtcamp v. Janssen Scientific Affairs*, No. 14-4780, 2014 WL 5361934, at *3 (D.N.J. Oct. 21, 2014) (finding Janssen Scientific and Johnson & Johnson to be private corporations not liable under § 1983 because they did not act under color of state law in producing medication used by prison officials). For a private entity to be liable under § 1983, its actions must be "fairly attributable to the state." *West*, 487 U.S. at 49; *Johnson ex rel. Wilson v. Dowd*, 305 F. App'x 221, 2008 WL 5212795, at *2 (5th Cir. 2008); *Cornish v. Correctional Servs. Corp.*, 402 F. 3d 545, 549 (5th Cir. 2005). A private defendant's actions are attributable to the state only when a state rule or directive causes a violation and the private actor or entity is controlled by the state, has acted together with or obtained significant aid from state officials, or performed conduct otherwise chargeable to the state. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936-39 (1982).

        In this case, Guillotte at best named J&J as the manufacturer of the COVID-19 vaccine allegedly given to inmates at LPCC. However, the fact that a corporation, like J&J, manufactured a medical product that allegedly caused injury does not support an inference of state action by the private corporation even if prison medical officials used that product on a prisoner/plaintiff. *Holtcamp*, 2014 WL 5361934, at *3; *see also Kaminski v. Oniyuke*, No. 19-58, 2019 WL 1877075, at *2 (D. Con. Apr. 26, 2019) (dismissing prisoner's § 1983 claims against medical device manufacturer for failure to show state action although prison medical staff surgically placed device in plaintiff); *Vines v. Janssen Pharmaceuticals*, No. 16-327, 2018 WL 5045753, at *6 (D. Conn. Oct. 17, 2018) (dismissing former prisoner's § 1983 claims against drug manufacturer for failure to show state action). Guillotte has failed to allege any basis to hold J&J liable under § 1983 for any perceived side-effects or harm its vaccine caused inmates at LPCC.

b. **FEMA and the CDC**

Similarly, Guillotte has failed to provide a basis for liability under § 1983 for FEMA or the CDC. Both FEMA and the CDC are federal agencies operating under federal law, and therefore, are not "persons" for purposes of § 1983. *Lyons v. Sheetz*, 834 F.2d 493, 495 (5th Cir. 1987); *Scott v. United States Veteran's Admin.*, 749 F. Supp. 133, 134 (W.D. La. 1990), *aff'd*, 929 F.2d 126 (5th Cir. 1991); *Emerson v. Louisiana*, No. 07-CV-0456, 2008 WL 294899 at *2 (M.D. La. Jan. 31, 2008). Neither FEMA nor the CDC are appropriate defendants for purposes of § 1983.

Guillotte also has not alleged any basis for this Court to exercise subject matter jurisdiction over any claim for monetary relief against FEMA or the CDC under the Federal Torts Claims Act ("FTCA"). "Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *Griener v. United States*, 900 F.3d 700, 702–03 (5th Cir. 2018) (citation omitted). The federal courts do not have jurisdiction over the United States and its agencies, because they are immune from suit except when sovereign immunity has been waived. *FDIC v. Myers*, 510 U.S. 471, 475 (1994). The courts have limited jurisdiction under the FTCA which provides only a limited waiver in narrow instances for a plaintiff to sue the United States in a federal court. *Sheridan v. United States*, 487 U.S. 392, 398 (1988) (citing 28 U.S.C. § 1346(b)). Courts, however, "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Settlement Funding, L.L.C. v. Rapid Settlements*, Ltd., 851 F.3d 530, 537 (5th Cir. 2017). "If the record does not contain sufficient evidence to show that subject matter jurisdiction exists, a federal court does not have jurisdiction over the case." *Id*. (quotation marks omitted).

Furthermore, "[a]ll suits brought under the FTCA must be brought against the United States." *Vernell v. U.S. Postal Service*, 819 F.2d 108, 109 (5th Cir. 1987).[2] A plaintiff cannot simply name a federal agency as a defendant in an FTCA suit. *Atorie Air, Inc. v. Fed. Aviation Admin.*, 942 F.2d 954, 957 (5th Cir. 1991). This requirement is jurisdictional and cannot be waived. *McGraw v. Mejia*, No. 13-cv-00740, 2015 WL 569002, at *6 (N.D. Tex. Feb. 11, 2015).

For these reasons, neither FEMA or the CDC are proper defendants under § 1983. Guillotte also has not named the United States as a defendant in this suit for it to be construed as one brought under the FTCA. Further, Guillotte has presented no grounds for this Court to assume subject matter jurisdiction where there has been no waiver of sovereign immunity apparent in this case. Guillotte's claims against these federal defendants should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A as frivolous and for failure to state a claim for which relief can be granted.

### B. Lafourche Parish Medical Department and LPCC Staff not Persons

Guillotte named the Lafourche Parish Medical Department and LPCC staff as defendants.[3] Neither the medical department, assuming that an entity by this name exists at LPCC, or "staff" are suable entities under § 1983. "[A] prison or jail or its administrative departments are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term." *Douglas v. Gusman*, 567 F. Supp. 2d 877, 892 (E.D.

---

[2] (superseded on other grounds by rule Fed. R. Civ. P. 15(c) as recognized in *McGuire v. Turnbo*, 137 F.3d 321, 326 (5th Cir. 1998)).

[3] The Court is aware that the Lafourche Parish Government has made an appearance on behalf of these named entities. That fact does not alter this Court's frivolousness review with respect to the "misidentified" defendants or the Lafourche Parish Government itself.

La. 2008) (citations omitted).[4]  Instead, a § 1983 action must be filed against an actual identified person, not a department or general staff at the jail.  *See Carter v. Strain*, No. 09-3401, 2009 WL 2390808, at *3 (E.D. La. July 31, 2009) (citing *August v. Gusman*, No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); *Staritz v. Valdez*, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); *Banks v. United States*, No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007)); *Allen v. Gusman*, No. 05-1633, 2006 WL 286007, at *3 n.8 (E.D. La. Feb. 2, 2006) ("Medical Staff" is not a juridical entity capable of being sued; the specific medical personnel must be named)

Accordingly, the claim against the LPCC staff and the Lafourche Parish Medical Department should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e as frivolous and for failure to state a claim.[5]

### C. Claims against Lafourche Parish

Guillotte also seeks to hold Lafourche Parish (appearing now as Lafourche Parish Government) liable under 42 U.S.C. § 1983 as "overseer" of the medical operations at LPCC. However, "municipalities cannot be held liable for constitutional torts under § 1983 'on a respondeat superior theory[.]'" *Burge v. Parish of St. Tammany*, 187 F.3d 452, 470 (5th Cir. 1999) (quoting *Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 611, 691 (1978)).  "There is no vicarious municipal liability under § 1983; rather, plaintiffs 'must prove that "action pursuant

---

[4] *See*, *Smith*, 2021 WL 4975698, at *2 ("discrete departments of prison facilities are simply not considered to be 'persons' under § 1983."); *Brewin v. St. Tammany Par. Corr. Ctr.*, No. 08-0639 2009 WL 1491179, at *2 (W.D. La. May 26, 2009) (§ 1983 action against the prison medical department dismissed because the department is not an independent entity capable of being a party to a lawsuit); *Jiles v. Orleans Par. Prison Med. Clinic*, No. 09-8426, 2010 WL 3584059, at *2 (E.D. La. 2010) ("[a] jail's medical department simply is not a juridical entity capable of being sued"); *see also*, *Jones v. St. Tammany Par. Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998) ("A parish jail is not [a suable] entity, but a building").

[5] *Accord Lerille*, 2021 WL 4975754, at *2.

to official municipal policy" caused their injury.'" *Three Legged Monkey, L.P. v. City of El Paso, Tex.*, 652 F. App'x 236, 239 (5th Cir. 2016) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell*, 436 U.S. at 691)); *Burge*, 187 F.3d at 470 (quoting *Monell*, 436 U.S. at 691); *Salazar-Limon v. City of Houston*, 826 F.3d 272, 277 (5th Cir. 2016) (quoting *Monell*, 436 U.S. at 694). To assert liability under *Monell*, a plaintiff must allege: "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

Guillotte has not alleged or identified any parish policy that caused him harm or led to his concerns about the COVID-19 protocols and medical treatment for inmates within the LPCC. The Parish government cannot be held vicariously liable without a showing that a specific parish policy caused plaintiff a constitutional harm.

Furthermore, Lafourche Parish and its government is not the "overseer" of the medical department at the jail. In Louisiana, the Parish government has *no* authority over the general management of the jail or daily management of its medical care provider. *Jones*, 4 F. Supp. 2d at 613. Instead, under Louisiana law, the Parish government is only responsible for the financing and physical maintenance of the jail building[6] and appointing or contracting with a health care provider to tend to the medical needs of the inmates.[7] With regard to the medical care provider, the Parish government's "sole responsibility shall be . . . its contractual obligations with [the]

---

[6] *See* La. Rev. Stat. Ann. § 15:304 ("All expenses incurred in the different parishes of the state or in the city of New Orleans by . . . confinement . . . of persons accused or convicted of crimes . . . shall be paid by the respective parishes in which the offense charged may have been committed or by the city of New Orleans, as the case may be."); La. Rev. Stat. Ann. § 15:702 ("The governing authority of each parish shall be responsible for the physical maintenance of all parish jails and prisons."); La. Rev. Stat. Ann. § 33:4715 ("The police jury of each parish shall provide . . . a good and sufficient jail . . .")

[7] *Id.*, § 15:703.

health care provider," and *not* how the medical care is administered. La. Rev. Stat. Ann. § 15:703(D); *accord Belcher v. Lopinto*, No. 18-7368, 2020 WL 5891583, at 5 (E.D. La. Oct. 5, 2020) (Under Louisiana law, a parish government is not policy maker for the prison and had no duty to monitor or verify the performance of medical services it contracted with for the jail).

Guillotte has failed to state a non-frivolous claim against Lafourche Parish or its government. His claims against the Parish should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e as frivolous and for failure to state a claim.

### D. Claims for Injunctive Relief

As part of his relief, Guillotte requests that inmates at LPCC be tested and treated for COVID-19 and that the jail be put in quarantine. Injunctive relief is no longer relevant to Guillotte or the conditions of his confinement at LPCC because he has been released from that facility. The United States Fifth Circuit Court of Appeals has consistently held that a prisoner's claims for declaratory or injunctive relief regarding the conditions of his confinement are rendered moot by his transfer or release. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *see also Lodge v. Tigner*, 772 F. App'x 87, 87 (5th Cir. 2019); *Smith v. City of Tupelo*, 281 F. App'x 279, 282 (5th Cir. 2008); *see also*, *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020) ("A matter is moot when it is impossible for a court to grant any effectual relief whatever to the prevailing party." (internal quotation marks omitted)). Guillotte has therefore made a request for relief which cannot be granted and must be dismissed pursuant to 28 U.S.C. § 1915, § 1915A.

### E. References to Habeas Corpus and Mandamus on the Complaint

Like the similar complaints filed recently by the Lafourche Parish inmates, Guillotte also added the handwritten notations "Writ of Habeas Corpus" and "Writ of Mandamus" at the top of

the first page of his complaint. However, to the extent that he is requesting those forms of relief, they are unavailable in this § 1983 action.

As an initial matter, the request for habeas relief has not been properly sought where Guillotte has not "name[d] as the Defendant/Respondent herein the individual who has custody of him, he [has made] no showing of having exhausted available state-court remedies, and his release from custody is not an available remedy under § 1983." *Smith*, 2021 WL 4975698, at *3; accord *Lerille*, 2021 WL 4975754, at *3. More importantly, the Fifth Circuit has held that because habeas corpus "does not, in this circuit, afford release for prisoners held in state custody due to adverse conditions of confinement," habeas relief "is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Rice v. Gonzales*, 985 F.3d 1069, 1070 (5th Cir. 2021) (emphasis added; quotation marks omitted), *cert. denied*, 142 S. Ct. 216 (2021). Therefore, habeas corpus relief simply is not available or appropriate for COVID-based claims because they "do not impugn the underlying legal basis for the fact or duration of [an inmate's] confinement." *Id*.

Similarly, mandamus relief would likewise be inappropriate against any of the named defendants for the following reasons. First, the federal mandamus statute, 28 U.S.C. § 1361, applies only to officers, employees, and agencies of the federal government. The statute, therefore, clearly does not allow a federal court to grant a writ of mandamus directed to state or parish officials. *See, e.g., Sockey v. Gray*, 159 F. App'x 821, 822 (10th Cir. 2005) ("Federal courts are without jurisdiction to grant a writ of mandamus against state and local officials."); *Shirley v. Starkey*, No. 10cv364, 2010 WL 3781806, at *1 (E.D. Tex. Aug. 25, 2010) ("The federal district courts do not have jurisdiction to issue the writ against a state or county actor or agency."), *report*

*and recommendation adopted by* 2010 WL 3781799 (E.D. Tex. Sept. 20, 2010), *aff'd*, 427 F. App'x 305 (5th Cir. 2011).

Second, although a federal court may grant a writ of mandamus directed to federal authorities, there are still limitations on that authority. For example, "[m]andamus is only appropriate when the duty is so plainly prescribed as to be free from doubt; thus, mandamus is not available to review discretionary acts of agency officials." *Wolcott v. Sibelius*, 635 F.3d 757, 768 (5th Cir. 2011) (emphasis added; quotation marks omitted). Thus, "[m]andamus is not available to review the discretionary acts of the CDC and FEMA respecting the pandemic." *Smith*, 2021 WL 4975698, at *3; *accord Lerille*, 2021 WL 4975754, at *3.

For those reasons, neither habeas corpus relief nor mandamus relief against these defendants would be appropriate in this context. *See Smith*, 2021 WL 4975698, at *3; *Lerille*, 2021 WL 4975754, at *3. Guillotte again has asserted a request for relief that cannot be granted and should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A.

### F. State Law Tort Claims

Guillotte alleges that the defendants or other unnamed LPCC officials have acted negligently in the handling of COVID-19 pandemic within the jail. He seeks monetary relief related to their negligence and gross negligence. As noted above, claims based on negligent and tortious acts are not sufficient to state a § 1983 claim. To the extent Guillotte intended to assert these tort claims under state law, they involve purely state law questions that are best and ordinarily left to the state courts to decide.

For the reasons given above, Guillotte's § 1983 claims should be dismissed, and no possible basis for federal subject matter jurisdiction is otherwise reflected from the face of this complaint; therefore, the Court has discretion either to decline or exercise supplemental

jurisdiction over the state law claims. 28 U.S.C. § 1367(c)(3). Considering the provisions of § 1367(c) and balancing the relevant factors of judicial economy, convenience, fairness and comity,[8] the Court should decline to exercise jurisdiction over any state law tort or negligence claims and dismiss them without prejudice.

### G. Defendants' Motions to Dismiss

The Court issues these findings recommending dismissal of Guillotte's claims against all defendants pursuant to its statutory frivolousness review. Therefore, the pending Motions to Dismiss (ECF Nos. 35, 41) filed by the defendants FEMA, the CDC, and the Lafourche Parish Government are rendered moot and should be dismissed without prejudice.

## IV. RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff Bryan Joseph Guillotte's 42 U.S.C. § 1983 claims against defendants Lafourche Parish, Lafourche Parish Medical Department, Lafourche Parish Correctional Complex Staff, Johnson & Johnson, Federal Emergency Management Agency and the Centers for Disease Control and Prevention be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e), § 1915A, and as applicable, 42 U.S.C. § 1997e, as frivolous and otherwise for failure to state a claim for which relief can be granted.

It is further **RECOMMENDED** that Guillotte's state law tort and negligence claims be **DISMISSED WITHOUT PREJUDICE** because the court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c).

---

[8] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350-51 (1988); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Heggemeier v. Caldwell Cty., Tex.*, 826 F.3d 861, 872-73 (5th Cir. 2016); *Enochs v. Lampasas Cty.*, 641 F.3d 155, 158-59 (5th Cir. 2011); *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999).

It is further **RECOMMENDED** that the Motion to Dismiss (ECF Nos. 35) filed by defendants Federal Emergency Management Agency and the Centers for Disease Control and Prevention and the Motion to Dismiss (ECF No. 41) filed by Lafourche Parish Government on behalf of named defendants Lafourche Parish and Lafourche Parish Medical Department be **DISMISSED WITHOUT PREJUDICE** as **moot**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[9]

New Orleans, Louisiana, this 11th day of February, 2022.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[9] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.